**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-60872-BLOOM/Valle**

PATH MEDICAL, LLC,
as assignee of Nicole Fitzpatrick,

    Plaintiff,

v.

GEICO INDEMNITY COMPANY,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon a *sua sponte* review of Defendant's Notice of Removal, ECF No. [1], and Plaintiff's Complaint ("Complaint"), ECF No. [1-3], which was removed from the Seventeenth Judicial Circuit in and for Broward County, Florida to this Court. A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Here, in the Notice of Removal, Defendant asserts that this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. ECF No. [1] "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg.,*

*LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See id.* "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

In this case, the Court commences its jurisdictional analysis by reviewing the allegations in the Complaint – the operative pleading - to determine whether the amount in controversy is satisfied. Plaintiff's Complaint alleges claims for breach of contract for Defendant's failure to pay for certain medical treatment rendered to its insured, Nicole Fitzpatrick, under a personal

injury protection policy (Count I), declaratory relief (Count II), and statutory bad faith (Count III). *Id.* Significantly, in the second paragraph of the Complaint, Plaintiff alleges: "The amount presently at issue is greater than One-Hundred Dollars ($100.00) but does not exceed Five Thousand Dollars ($5,000.00), exclusive of interest, punitive damages, costs, extra-contractual damages which are presently subject to abatement per the stipulation of the Plaintiff as set forth *supra*, and attorney's fees." ECF No. [1-3] at 4 (italics in original).

In its Notice of Removal, Defendant recognizes that Plaintiff did not plead a specific amount in controversy. *See* ECF No. [1] at 4. Nonetheless, Defendant states that, in addition to "the unspecific medical treatment costs," Plaintiff seeks to recover its attorney's fees pursuant to Florida Statute § 627.428, punitive damages pursuant to Florida Statute § 624.155, and a declaratory judgment that "has a value that is significantly more than the $75,000 threshold required by 28 U.SC. § 1332(a)." *Id.* at 4-6. The Court will analyze each element of Plaintiff's damages claim to determine whether the amount in controversy is satisfied and whether the Court has subject matter jurisdiction over Plaintiff's claims.

Starting with the breach-of-contract count, Plaintiff demands direct, actual and consequential damages associated with the alleged breach, incorporating those damages contained within Exhibit 1 of the Complaint. *See* ECF No. [1-3] at 8-10. In addition, Plaintiff seeks a pre-suit penalty and interest as specified in Exhibit 1. *Id.* Exhibit 1, in turn, states that the "amount owed" is $575.71 and that Plaintiff is seeking reimbursement for postage for the demand letter[1] and a penalty of 10% of the overdue amount, presumably $57.57. Thus, it appears that Plaintiff is seeking $633.28 plus an unspecified amount for postage in Count I.[2] In

---

[1] Exhibit 1 to the Complaint refers to the envelope for the postage amount. The envelope was not provided.
[2] Although Plaintiff is also seeking interest and costs in the Complaint, interest and costs may not be included in the amount in controversy. *See* 28 U.S.C. § 1332(a) (emphasis added) ("The district courts

addition, Plaintiff seeks reimbursement for attorneys' fees pursuant to Florida Statute § 627.428. Defendant is correct in stating that a *reasonable* amount of attorneys' fees may be included in the amount in controversy if fees are permitted by statute. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) ("Cohen contends that when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees. She is correct."). However, Defendant provides no evidence to demonstrate that Plaintiff's attorneys' fees will make up the difference between the $75,000 threshold and the $633.28 in alleged contractual damages. Based on the information supplied in the Notice of Removal, it would be sheer speculation to conclude that Plaintiff's attorneys' fees will be at least $74,366.72. The Court is also mindful that only *reasonable* attorneys' fees may be included in the amount in controversy, and it has serious doubts that this speculative sum would be reasonable as the fees would be 117 times greater than the amount sought for breach of contract. *Id.* at 1080 ("Attributing to one plaintiff an anticipated attorney fees award that is over 384 times greater than that plaintiff's stake in the litigation could raise serious questions about the reasonableness of the fee award."). Defendant has provided no evidence for the Court to conclude otherwise.

Next, Defendant directs the Court to Plaintiff's request for punitive damages pursuant to Florida Statute § 624.155 in Count III as additional evidence of the amount in controversy. Florida law provides that a claim for bad faith is not ripe until the underlying insurance dispute is resolved, requiring the dismissal or the abatement of any prematurely filed claim. *See Laxman v. Safeco Ins. Co. of Illinois*, No. 2:14-CV-14413-RLR, 2015 WL 845582, at *2 (S.D. Fla. Feb. 25, 2015); *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1270 (M.D. Fla. 2014).

---

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*. . .").

Here, it is undisputed that Plaintiff's claim for bad faith is premature and will not become ripe unless Counts I and II are decided in Plaintiff's favor. By directing the Court to the claim for punitive damages in Count III, Defendant ignores well-settled Florida law on the abatement of bad-faith claims as well as Plaintiff's allegations that stipulate to such abatement. For example, the second paragraph of the Complaint states that Plaintiff's claim for extra-contractual damages is "presently subject to abatement per the stipulation of the Plaintiff as set forth *supra*." ECF No. [1-3] at 4. Thereafter, Count III alleges that "[p]er governing law this action is subject to abatement until such time as the sixty (60) day notice requirement for the CRN expires and liability is adjudicated, stipulated to and/or confessed in the Plaintiff's favor as it relates to the claim(s) for relief per Count I and II of this Complaint." *See* ECF No. [1-3] at 16. Plaintiff further concedes that it is not entitled to seek attorneys' fees and extra-contractual damages until "the referenced conditions have been qualified and the abatement has been lifted." *Id.* Given the prematurity of the bad-faith claim, any damages sought related to this claim are also abated. For that reason, any damages sought in Count III are not ripe for purposes of computing the amount in controversy.

Finally, Defendant points to Count II seeking a declaratory judgment as further evidence that the amount in controversy is proven. In a declaratory judgment claim, "the value of the object of the litigation [is] measured from the plaintiff's perspective." *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–16 (11th Cir. 2014) (citing *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1268 (11th Cir. 2000)). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" *Id.* (modifications in original). Defendant states that the value of Count II exceeds $75,000 because it, in part, seeks a declaration that Defendant "cannot lawfully delay

5

and/or deny payment in part and/or in whole due to the fact that it has a pending action for declaratory relief as to whether medical services rendered by the Plaintiff from 2014 to [the] present were unlawful and/or fraudulent," referring to a pending lawsuit in the Middle District of Florida. *See* ECF No. [1] at 6 (modification in original). In support of its position, Defendant supplies the Court with a complaint filed against Plaintiff and several other non-parties seeking damages for common-law fraud, unjust enrichment, and violations of the Florida Deceptive Unfair Trade Practices Act in the amount of $15,000,000. *See* ECF No. [1-2]. As it relates to Plaintiff, Defendant is seeking a declaration that it is not required to pay Plaintiff $200,000 in pending personal injury protection benefits. *Id.*

With this background in mind, the Court focuses its analysis on the allegations in Count II to determine the value of the declaratory judgment claim. Count II alleges that "there is an actual and *bona fide* dispute between the parties which requires a present need for judicial determination as to whether the Policy provides coverage in part and/or in whole for the service charges that the Plaintiff submitted for the Claimant's Medical Treatment." *See* ECF No. [1-3] at 11 (italics in original, underline added). The Complaint defines the "Claimant" as "Nicole Fitzpatrick." *Id.* at 5. Thus, the declaratory judgment sought in Count II is limited to whether Defendant must pay Plaintiff for the charges it submitted for the treatment rendered to Nicole Fitzpatrick.[3] If Plaintiff prevails on its declaratory judgment claim, the claim's value is 633.28, which is duplicative of the monetary value sought in Count I. Although Defendant may have sued Plaintiff in another lawsuit for a greater sum of money involving numerous other insureds, Defendant's lawsuit cannot serve as a basis to inflate the amount in controversy here when

---

[3] *See S. Fla. Wellness*, 745 F.3d at 1318, n.3 (modifications in original) ("A declaratory judgment would establish that Allstate provided members of the putative class with insufficient payment on bills that have already been incurred, and it would give those class members a right to receive additional payment. That right to additional payment represents 'the monetary value of the benefit that would flow to the plaintiff if the [declaratory relief] were granted.'").

6

Plaintiff is only seeking a declaratory judgment for medical charges for a single patient. Defendant's Notice of Removal has not provided any authority to the contrary.

In sum, the Court finds that Defendant's Notice of Removal is facially deficient in that it fails to demonstrate that the $75,000 amount-in-controversy requirement has been satisfied. The face of the Complaint limits the damages to less than $5,000. Further, the damages for breach of contract total $633.28 plus an unspecified amount for postage. This is likewise the value of the declaratory judgment claim. Even if the Court considered the demand for attorneys' fees, there is no evidence in the Notice of Removal to demonstrate that such a claim would bridge the gap to the $75,000 threshold. And, for the reasons explained above, the claim for punitive damages is not yet ripe and cannot be considered at this juncture. The Court, therefore, concludes that diversity jurisdiction is lacking, rendering it without subject-matter jurisdiction to preside over Plaintiff's claims. Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending motions in this matter are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of April, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record